**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEONEL GUSTAVO MUÑOZ MARTINEZ,

Petitioner,

v. No. 2:26-cv-00783-MLG-DLM

PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary, Department of Homeland Security; MARY DE ANDA-YBARRA, El Paso Field Office Director, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DORA CASTRO, Warden, Otero County Processing Center,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Federal Respondents' Status Report, Doc. 20, indicating that pro se Petitioner Leonel Gustavo Muñoz Martinez was deported on or about August 14, 2026. *Id.* at 1. Accordingly, it appears that Muñoz Martinez's petition for writ of habeas corpus, Doc. 1—which sought his release from detention at the Otero County Processing Center—is moot. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)).

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the

exceptions to the mootness doctrine”). But Muñoz Martinez does not allege any collateral consequences, and given that Muñoz Martinez was deported, not simply released from federal immigration authorities’ custody, it does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, “a federal court must dismiss the action for want of subject-matter jurisdiction”). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that “dismissals for lack of jurisdiction should be without prejudice”). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA